THOMAS T. CHAN (SBN 129606)
DAVID M. CHERNEK (SBN 151621)
ANDREW D. SHUPE (SBN 240635)
CHAN LAW GROUP LLP
1055 West 7th Street, Suite 1880
Los Angeles, California 90017
Telephone: 213-624-6560
Facsimile: 213-622-1154
thomas.chan@chanlaw.com
david.chernek@chanlaw.com
andrew.shupe@chanlaw.com

FILED

2008 MAY 28 PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Attorneys for Plaintiff United Pacific Industries, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

GAF

United Pacific Industries, Inc. a California corporation,

Plaintiff,

v.

Grand General Accessories Manufacturing, a California corporation; and DOES 1 through 10, Inclusive,

Defendants.

CV08-03504 JTLx

**COMPLAINT FOR:**

1. **Patent Infringement**
2. **Trade Dress Infringement**
3. **False Designation of Origin**
4. **California Statutory Unfair Competition**
5. **California Common Law Unfair Competition**
6. **California Common Law Trade Dress Infringement**

**DEMAND FOR JURY TRIAL**

THOMAS T. CHAN (SBN 129606)
DAVID M. CHERNEK (SBN 151621)
ANDREW D. SHUPE (SBN 240635)
CHAN LAW GROUP LLP
1055 West 7th Street, Suite 1880
Los Angeles, California 90017
Telephone: 213-624-6560
Facsimile: 213-622-1154
thomas.chan@chanlaw.com
david.chernek@chanlaw.com
andrew.shupe@chanlaw.com

Attorneys for Plaintiff United Pacific Industries, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

United Pacific Industries, Inc. a California corporation,

Plaintiff,

v.

Grand General Accessories Manufacturing, a California corporation; and DOES 1 through 10, Inclusive,

Defendants.

**COMPLAINT FOR:**

1. **Patent Infringement**
2. **Trade Dress Infringement**
3. **False Designation of Origin**
4. **California Statutory Unfair Competition**
5. **California Common Law Unfair Competition**
6. **California Common Law Trade Dress Infringement**

**DEMAND FOR JURY TRIAL**

Plaintiff United Pacific Industries, Inc. ("United Pacific"), for its Complaint against Defendants Grand General Accessories Manufacturing ("Grand General") and Does 1 through 10, and each of them, alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 15 U.S.C. §1125.

2. The Court has supplemental jurisdiction over the fourth, fifth, and sixth causes of action in that said causes of action are joined with substantial and related claims under 28 U.S.C. §§1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

**Nature of Action**

4. This is an action for: (1) infringement of United Pacific's design patent under 35 U.S.C. §§271 and 281—285; (2) trade dress infringement under 15 U.S.C. §1125(a); (3) false designation of origin under 15 U.S.C. §1125(a); (4) unfair competition under California Business & Professions Code §17200; (5) unfair competition under the common law of the State of California; and (6) trade dress infringement under the common law of the State of California.

**The Parties**

5. Plaintiff United Pacific, a California Corporation, has its principal place of business in Los Angeles County, in the Central District of California.

6. United Pacific is informed and believes, and on that basis alleges, that Defendant Grand General, a California Corporation, has its principal place of business in Los Angeles County, in the Central District of California.

7. United Pacific is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and each of them, and therefore sues such Defendants, and each of them, by such fictitious names and will seek leave of Court to amend this

Complaint to state their true names and capacities, when the names have been ascertained. United Pacific is informed and believes, and thereon alleges, that such Defendants, and each of them, were and are legally responsible by contract, agreement, agency, conspiracy, negligence or in some other actionable manner, for the occurrences herein alleged, which have proximately caused United Pacific the damages hereinafter alleged. Each reference in this Complaint to Defendants, or to a specifically named Defendant, refers also to all Defendants sued under fictitious names.

8. United Pacific is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, and co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**Allegations Common to All Causes of Action**

9. United Pacific is a leading manufacturer of accessories for cars and trucks, and United Pacific is the exclusive assignee of all right, title, and interest in U.S. Design Patent No. D531,750 S (the "750 Patent" or the "Patent-in-Suit"), entitled "Maltese Cross Light Bezel," issued November 7, 2006, which is valid and subsisting. **A true and correct copy of the 750 Patent is attached hereto as Exhibit A.**

10. The Maltese Cross Light Bezel is a decorative accessory that fits over an automobile light, allowing the light to shine through the maltese cross-shaped opening in the center of the bezel. **Attached hereto as Exhibit B is a photograph depicting the Maltese Cross Light Bezel.**

11. Since at least as early as January 4, 2005, United Pacific has developed, manufactured, and distributed products embodying the inventions of the Patent-in-Suit. United Pacific has spent considerable time, effort, and resources developing and promoting its products embodying the inventions of the Patent-in-Suit.

12. Upon information and belief, Grand General has engaged in the manufacture, use, distribution, and offer for sale of products embodying the inventions of the Patent-in-Suit in this judicial district and throughout the United States. **A page from a catalog of products offered by Grand General is attached hereto as Exhibit C, showing the two infringing products in the bottom left corner** (hereinafter, the "Infringing Bezels").

13. Upon information and belief, Grand General has ongoing and systematic contacts with this Judicial District and the United States. Grand General has placed products infringing the Patent-in-Suit in the stream of commerce, knowing and expecting that such products would end up in this Judicial District.

14. Since at least as early as January 4, 2005, and prior to the acts of Grand General described herein, United Pacific has continuously and extensively marketed, advertised, promoted and sold the distinctive Maltese Cross Light Bezel in interstate commerce, such that the product design of the Maltese Cross Light Bezel is recognized by purchasers and the public and is understood to indicate that bezels into which the maltese cross has been cut are made by and originate from United Pacific and are genuine products of United Pacific.

**FIRST CAUSE OF ACTION**

**Patent Infringement (35 U.S.C. §§271, 281—285)**

**(Against All Defendants)**

15. United Pacific hereby incorporates paragraphs 1 through 14 inclusive herein by reference.

16. By virtue of its exclusive right to the Patent-in-Suit, United Pacific has acquired and continues to maintain the right to sue thereon and the right to recover for infringement thereof.

17. Upon information and belief, Grand General has infringed, induced infringement of, and contributorily infringed the Patent-in-Suit, and is still doing so by making, selling, offering for sale, and using products embodying the patented

inventions of the Patent-in-Suit, and will continue to do so unless enjoined by this Court.

18. Upon information and belief, Grand General's infringement is willful and deliberate.

19. United Pacific has placed notice on all of its products manufactured and sold by United Pacific under the Patent-in-Suit, and United Pacific placed notice of the serial number of the Patent-in-Suit in its catalogues adjacent to the photo of the product.

20. Grand General's aforementioned acts have injured United Pacific and damaged United Pacific in an amount to be determined at trial.

21. By its actions, Grand General has irreparably harmed United Pacific. Such irreparable injury will continue unless Grand General is preliminarily and permanently enjoined by this Court from further violation of United Pacific's rights, for which United Pacific has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**Trade Dress Infringement (15 U.S.C. §1125(a))**

**(Against All Defendants)**

22. United Pacific hereby incorporates paragraphs 1 through 21 inclusive herein by reference.

23. Since at least as early as January 4, 2005, and prior to the acts of Grand General described herein, United Pacific has continuously and extensively marketed, advertised, promoted and sold the distinctive Maltese Cross Light Bezel in interstate commerce, such that the product design of the Maltese Cross Light Bezel is recognized by purchasers and the public and is understood to indicate that bezels into which the maltese cross has been cut are made by and originate from United Pacific and are genuine products of United Pacific.

24. The distinctive Maltese Cross Light Bezel's product design trade dress (hereinafter, the "Bezel Trade Dress") is prominently featured in advertisements

and promotions for the product.

25. The Bezel Trade Dress is non-functional.

26. On information and belief, by virtue of the aforementioned substantial use, sale, and promotion of the Maltese Cross Light Bezel, the Bezel Trade Dress has become famous and has acquired secondary meaning. Customers in this judicial district and elsewhere readily recognize the Bezel Trade Dress as a distinctive product originating with United Pacific. Thus, the Bezel Trade Dress is an asset of incalculable value as a symbol of United Pacific and its quality products and goodwill.

27. Grand General's Infringing Bezels are confusingly similar to United Pacific's Bezel Trade Dress. United Pacific is informed and believes, and on that basis alleges, that Grand General has infringed United Pacific's Bezel Trade Dress by manufacturing, distributing, selling, and/or promoting in commerce, without United Pacific's permission, the Infringing Bezels with the intent to unfairly compete against United Pacific, to trade upon United Pacific's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Grand General's Infringing Bezels are associated with, sponsored by or approved by United Pacific, when they are not.

28. United Pacific is informed and believes, and on that basis alleges, that Grand General had actual knowledge of United Pacific's ownership and prior use of its Bezel Trade Dress, and without the consent of United Pacific, has willfully violated 15 U.S.C. §1125(a).

29. Grand General's aforementioned acts have injured United Pacific and damaged United Pacific in an amount to be determined at trial.

30. By its actions, Grand General has irreparably harmed United Pacific. Such irreparable injury will continue unless Grand General is preliminarily and permanently enjoined by this Court from further violation of United Pacific's rights, for which United Pacific has no adequate remedy at law.

31. United Pacific has been required to bring and maintain this action because of the wrongful acts of Grand General. Those acts are exceptional and extraordinary under the law, and United Pacific is therefore entitled to recover treble damages and its reasonable attorney fees incurred in this matter against Grand General pursuant to 15 U.S.C. § 1117(a).

**THIRD CAUSE OF ACTION**

**False Designation of Origin (15 U.S.C. §1125(a))**

**(Against All Defendants)**

32. United Pacific hereby incorporates paragraphs 1 through 31 inclusive herein by reference.

33. Since at least as early as January 4, 2005, and prior to the acts of Grand General described herein, United Pacific has continuously and extensively marketed, advertised, promoted and sold the distinctive Maltese Cross Light Bezel in interstate commerce. On information and belief, due to such efforts, the product design of the Maltese Cross Light Bezel is recognized by purchasers and the public and is understood to indicate that bezels into which the maltese cross has been cut are made by and originate from United Pacific and are genuine products of United Pacific.

34. By virtue of the aforementioned substantial use, sale, and promotion of the Maltese Cross Light Bezel, the Bezel Trade Dress has become famous and has acquired secondary meaning. Customers in this judicial district and elsewhere readily recognize the Bezel Trade Dress as a distinctive product originating with United Pacific. Thus, the Bezel Trade Dress is an asset of incalculable value as a symbol of United Pacific and its quality products and goodwill.

35. Grand General's Infringing Bezels are confusingly similar to United Pacific's Bezel Trade Dress. United Pacific is informed and believes, and based thereon alleges, that Grand General has used its Infringing Bezels in interstate commerce, and such use is likely to cause confusion or mistake, or is likely to result

in deception as to the source, in that the public and others are likely to believe that Grand General's goods and services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with United Pacific, all to United Pacific's irreparable harm.

36. The acts and conduct of Grand General constitute the use of false designation of origin and false descriptions and representations in commerce in violation of 15 U.S.C. § 1125(a), in that their sale of the Infringing Bezels falsely represents to consumers that they will receive the same products and services as, or that there is an affiliation or association with, the products and services offered, approved or sponsored by United Pacific.

37. United Pacific is informed and believes, and on that basis alleges, that Grand General had actual knowledge of United Pacific's ownership and prior use of its Bezel Trade Dress, and without the consent of United Pacific, has willfully violated 15 U.S.C. §1125(a).

38. Grand General's aforementioned acts have injured United Pacific and damaged United Pacific in an amount to be determined at trial.

39. By its actions, Grand General has irreparably harmed United Pacific. Such irreparable injury will continue unless Grand General is preliminarily and permanently enjoined by this Court from further violation of United Pacific's rights, for which United Pacific has no adequate remedy at law.

40. United Pacific has been required to bring and maintain this action because of the wrongful acts of Grand General. Those acts are exceptional and extraordinary under the law, and United Pacific is therefore entitled to recover treble damages and its reasonable attorney fees incurred in this matter against Grand General pursuant to 15 U.S.C. § 1117(a).

**FOURTH CAUSE OF ACTION**

**Unfair Competition (Cal. Business & Professions Code §17200)**

**(Against All Defendants)**

41. United Pacific hereby incorporates paragraphs 1 through 40 inclusive herein by reference.

42. The acts and conduct of Grand General alleged in this Complaint constitute violations of California Business and Professions Code § 17200, et seq.; and constitute an infringement of United Pacific's registered patent rights in violation of 35 U.S.C. §271, and its common law rights in its trade dress, and improper, unlawful and unfair competition with United Pacific. United Pacific has no speedy or adequate remedy at law because Grand General's acts of misappropriation have caused, and will continue to cause, irreparable injury.

43. The activities of Grand General as alleged in this Complaint have caused and will cause irreparable harm to United Pacific for which United Pacific has no adequate remedy at law, in that (i) if Grand General's wrongful conduct continues, consumers are likely to become further confused as to the origin, sponsorship and/or approval of United Pacific's products; (ii) the infringement by Grand General constitutes an interference with United Pacific's goodwill, reputation, and consumer relationships; and (iii) Grand General's wrongful conduct and the damages resulting to United Pacific are continuing. Accordingly, United Pacific is entitled to permanent injunctive relief and restitution, including the disgorgement of Grand General's profits, pursuant to California Business and Professions Code § 17203.

**FIFTH CAUSE OF ACTION**

**California Common Law Unfair Competition**

**(Against All Defendants)**

44. United Pacific hereby incorporates paragraphs 1 through 44 inclusive herein by reference.

45. The aforesaid acts of Grand General constitute unfair competition in violation of the laws of the State of California.

46. United Pacific is informed and believes, and on that basis alleges, that the aforesaid acts of unfair competition undertaken by Grand General were intentionally and knowingly undertaken and were directed toward perpetuating a business competing unfairly with United Pacific and were done with a willful disregard for the rights of United Pacific.

47. By reason of Grand General's acts of unfair competition, United Pacific is entitled to recover all of Grand General's profits received or otherwise achieved, directly or indirectly, from their acts of unfair competition.

48. As a direct and proximate result of the aforesaid acts of unfair competition, United Pacific has been damaged in an amount which is presently unknown but believed to be substantial.

49. On information and belief, Grand General has been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein. Accordingly, United Pacific is entitled to exemplary or punitive damages, for the sake of example and by way of punishing Grand General, in an amount according to proof at trial.

50. By reason of Grand General's acts of unfair competition, United Pacific has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Grand General from any further acts of unfair competition. Grand General's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to United Pacific in that United Pacific will have no adequate remedy at law to compel Grand General to cease such acts. United Pacific will be compelled to prosecute a multiplicity of actions, one action each time Grand General commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford United Pacific adequate relief.

## SIXTH CAUSE OF ACTION

## California Common Law Trade Dress Infringement

## (Against All Defendants)

51. United Pacific hereby incorporates paragraphs 1 through 51 inclusive herein by reference.

52. By virtue of the acts complained of herein, Grand General has intentionally infringed United Pacific's Bezel Trade Dress and caused a likelihood of confusion among the consuming public, thereby committing common law trade dress infringement.

53. On information and belief, Grand General has been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein. Accordingly, United Pacific is entitled to exemplary or punitive damages, for the sake of example and by way of punishing Grand General, in an amount according to proof at trial.

54. By its actions, Grand General has irreparably injured United Pacific. Such irreparable injury will continue unless Grand General is preliminarily and permanently enjoined by this Court from further violation of United Pacific's rights, for which United Pacific has not adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

On the First Cause of Action:

1. For a judgment that the Patent-in-Suit is valid and enforceable;

2. For a judgment that Grand General and Does 1—10 willfully and deliberately have committed acts of patent infringement;

3. For judgment against Grand General and Does 1—10 for an award of compensatory damages to United Pacific in an amount not yet known but which will be established at the trial in this action, from at least as early as the issuance date of the Patent-in-Suit, which is November 7, 2006, and that this amount be

increased up to three times under 35 U.S.C. §284 by reason of willful infringement;

4. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from further acts of infringement of the Patent-in-Suit according to principles of equity and upon such terms as may be just;

5. For an order requiring Grand General and Does 1—10, and each of them, to account to United Pacific for all gross sales derived by Grand General and Does 1—10 from the manufacture, importation, advertisement, and sale of goods infringing upon the Patent-in-Suit;

6. For a judgment that Grand General and Does 1—10 have been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein, and that accordingly, United Pacific is entitled to exemplary or punitive damages in an amount according to proof at trial; and

7. For a judgment declaring this case to be "exceptional" within the meaning of 35 U.S.C. §285 and awarding United Pacific its reasonable attorneys' fees incurred in connection with this action.

On the Second Cause of Action:

1. For a judgment that United Pacific's product design trade dress in its Maltese Cross Light Bezel is valid and enforceable;

2. For a judgment that Grand General and Does 1—10 willfully and deliberately have committed acts of infringement upon United Pacific's product design trade dress;

3. For judgment against Grand General and Does 1—10 for an award of compensatory damages to United Pacific in an amount not yet known but which will be established at the trial in this action;

4. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants,

attorneys, and employees and all other persons acting in concert with them from further acts of infringement of United Pacific's product design trade dress according to principles of equity and upon such terms as may be just;

5. For an order requiring Grand General and Does 1—10, and each of them, to account to United Pacific for all gross sales derived by Grand General and Does 1—10 from the manufacture, importation, advertisement, and sale of goods infringing upon United Pacific's product design trade dress;

6. For a judgment that Grand General and Does 1—10 have been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein, and that accordingly, United Pacific is entitled to exemplary or punitive damages in an amount according to proof at trial;

7. For a judgment that the acts of Grand General and Does 1—10 are exceptional and extraordinary under the law, and that therefore United Pacific is entitled to recover its reasonable attorney fees incurred in this matter pursuant to 15 U.S.C. § 1117(a); and

8. For an order requiring that Grand General and Does 1—10 deliver and destroy all devices, literature, advertising, goods, and other materials bearing the infringing trade dress pursuant to 15 U.S.C. §1118.

On the Third Cause of Action:

1. For a judgment that Grand General and Does 1—10 willfully and deliberately have committed acts of false designation of origin, false description and misrepresentation, in violation of 15 U.S.C. §1125(a);

2. For judgment against Grand General and Does 1—10 for an award of compensatory damages to United Pacific in an amount not yet known but which will be established at the trial in this action;

3. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from

further acts of false designation of origin, false description and misrepresentation according to principles of equity and upon such terms as may be just;

4. For an order requiring Grand General and Does 1—10, and each of them, to account to United Pacific for all gross sales derived by Grand General and Does 1—20 from the manufacture, importation, advertisement, and sale of goods, which acts constituted acts of false designation of origin, false description and misrepresentation;

5. For a judgment that Grand General and Does 1—10 have been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein, and that accordingly, United Pacific is entitled to exemplary or punitive damages in an amount according to proof at trial;

6. For a judgment that the acts of Grand General and Does 1—10 are exceptional and extraordinary under the law, and that therefore United Pacific is entitled to recover its reasonable attorney fees incurred in this matter pursuant to 15 U.S.C. § 1117(a); and

7. For an order requiring that Grand General and Does 1—10 deliver and destroy all devices, literature, advertising, goods, and other materials bearing the false designation of origin, false description and misrepresentation pursuant to 15 U.S.C. §1118.

On the Fourth Cause of Action:

1. For a judgment that Grand General and Does 1—10 have committed acts constituting violations of California Business and Professions Code § 17200, et seq.;

2. For a judgment that the activities of Grand General and Does 1—10 have caused and will cause irreparable harm to United Pacific for which United Pacific has no adequate remedy at law;

3. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants,

attorneys, and employees and all other persons acting in concert with them from further acts of unfair competition, according to principles of equity and upon such terms as may be just; and

4. For an order requiring that Grand General and Does 1—10, and each of them make restitution to United Pacific, including the disgorgement of Grand General's profits, pursuant to California Business and Professions Code § 17203.

On the Fifth Cause of Action:

1. For a judgment that Grand General and Does 1—10 have committed acts constituting unfair competition under the common law of the State of California;

2. For a judgment that the activities of Grand General and Does 1—10 have caused and will cause irreparable harm to United Pacific for which United Pacific has no adequate remedy at law;

3. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from further acts of unfair competition, according to principles of equity and upon such terms as may be just.

4. For a judgment that Grand General and Does 1—10 have been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein, and that accordingly, United Pacific is entitled to exemplary or punitive damages in an amount according to proof at trial;

On the Sixth Cause of Action:

1. For a judgment that Grand General and Does 1—10 have willfully committed acts of infringement upon United Pacific's product design trade dress under the common law of the State of California;

2. For judgment against Grand General and Does 1—10 for an award of compensatory damages to United Pacific in an amount not yet known but which

will be established at the trial in this action;

3. For an order preliminarily and permanently enjoining Grand General and Does 1—10, and each of them, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from further acts of infringement of United Pacific's product design trade dress according to principles of equity and upon such terms as may be just; and

4. For a judgment that Grand General and Does 1—10 have been guilty of oppression, fraud and malice in doing the unlawful acts alleged herein, and that accordingly, United Pacific is entitled to exemplary or punitive damages in an amount according to proof at trial.

On all causes of action:

1. For costs of suit herein;

2. For such further relief as the Court may deem just and equitable.

Dated: May 28, 2008

Respectfully submitted,

CHAN LAW GROUP LLP

Andrew D. Shupe

Thomas T. Chan
David M. Chernek
Andrew D. Shupe
Attorneys for Defendant/Counterclaimant
United Pacific Industries, Inc.

**JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38(b), United Pacific Industries, Inc. hereby demands trial by jury of all issues raised by this Complaint that are triable by jury.

Dated: May 28, 2008

Respectfully submitted,

CHAN LAW GROUP LLP

Andrew D. Shupe

Thomas T. Chan
David M. Chernek
Andrew D. Shupe
Attorneys for Defendant/Counterclaimant
United Pacific Industries, Inc.